46 F.3d 1125
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rhonda MAYSE; Anita Harden, Plaintiffs-Appellees,
and Anita Dumas, Plaintiff,
v.
PROTECTIVE AGENCY, INCORPORATED; John L. McLean,
Defendants-Appellants.
 No. 92-1898.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 25, 1993.
Decided Jan. 30, 1995.
 
 ARGUED: Philip Marshall Van Hoy, VAN HOY, REUTLINGER & TAYLOR, Charlotte, NC for Appellants. Jonathan Wallas, FERGUSON, STEIN, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, NC, for Appellees. ON BRIEF: John W. Gresham, FERGUSON, STEIN, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, NC, for Appellees.
 Before WIDENER and HALL, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Following her termination of employment by Protective Agency, Inc., Rhonda Mayse sued Protective Agency, Inc., her employer, and its president and owner, McLean, on account of state law claims of infliction of emotional distress, and discharge from employment in violation of the public policy of North Carolina under Coman v. Thomas Manufacturing Co., 325 N.C. 172, 381 S.E.2d 445 (1989), as well as under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The gist of the complaint was that Mrs. Mayse had been demoted and discharged because of her race, which is black. We affirm upon appeal from a judgment in favor of plaintiff.
 
 
 2
 It was agreed that the state causes of action be tried by jury and that the Title VII cause of action be tried to the court. The jury returned its verdict in favor of the defendants on all counts. This verdict was set aside by the district court, however, and the district court entered its findings of fact and conclusions of law in writing on the Title VII claim and entered its judgment in favor of the plaintiff. In the meantime, the parties had filed a stipulation in the district court with respect to Mrs. Mayse, which stipulation included all of the facts necessary to ascertain her damages in the event she should recover, and judgment was entered in her favor in the district court on June 30, 1992.
 
 
 3
 The principal issue presented in this appeal is whether the district court was required by collateral estoppel to decide the Title VII claims favorably to the defendants in view of the jury verdict in favor of the defendants on the state claims. The substance of the Title VII appeal is that defendants also claim that the Title VII judgment in favor of the plaintiff is supported by "insufficient evidence of racially-disparate treatment." Def. brief, p. 12.
 
 
 4
 On the second issue, we have examined the record and are of opinion the evidence is sufficient to support the judgment of the district court. The trial judge saw the witnesses and heard them testify. His findings as to witness credibility and weight of the evidence are supported by the record, and his fact finding is not clearly erroneous. On that aspect of the case, we affirm for the reasons sufficiently stated in the findings of fact and conclusions of law filed by the district court.
 
 
 5
 The question of collateral estoppel requires brief discussion. The parties are not in agreement as to whether or not the questions decided by the jury in the trial of the state law causes of action are the same, or necessarily include, issues tried to the district court in the Title VII claim, that is to say, whether or not Mrs. Mayse was demoted or discharged, either or both, because of her race. Reasonable arguments can be made on both sides of that question; however, we do not have to decide it because of the following.
 
 
 6
 The trial of the case took place between February 25th and March 4, 1991. The jury returned its verdict on March 4, 1991. The district court filed its order setting aside the jury verdict and awarding a new trial on July 18, 1991. The district court filed its findings of fact and conclusions of law and filed its judgment in favor of Mrs. Mayse on June 30, 1992. On August 4, 1992, by stipulation dated July 31, 1992, Mrs. Mayse agreed to dismiss her state claims with prejudice, the same apparently having been settled, which stipulation was memorialized in a judgment of the district court filed August 13, 1992.
 
 
 7
 So we see that the findings of the jury, whatever the issues may have been, were made infirm because the verdict of the jury had been set aside prior to the entry of the Title VII judgment in favor of Mrs. Mayse on June 30, 1992. The settlement with respect to the jury find ings, left the case in the position that at the time the order was entered in favor of Mrs. Mayse on her Title VII claims, the jury verdict was infirm. Being infirm, the jury verdict had no collateral estoppel or other like effect.
 
 
 8
 In a case on facts which are indistinguishable, we have so held. Swentek v. USAir, Inc., 830 F.2d 552 (4th Cir.1987), was a case in which a flight attendant for USAir had sued her employer and a pilot on a sexual harassment claim. After a jury trial in which the jury found for the plaintiff on a claim of emotional distress, the court set aside that verdict and tried a companion Title VII claim to the court. On appeal, a claim of error was that the district court erred in not conforming its findings in the trial of the Title VII claim to those findings made by the jury on the emotional distress claim. We held that there was no requirement that the trial judge conform his findings to a jury verdict which was infirm because it had been set aside. Swentek, 830 F.2d at 559. Since there is no obligation to conform findings to a jury verdict which has been set aside, a verdict which has been set aside can have no collateral estoppel effect. There is no difference of substance between conforming findings in a non-jury trial to a jury verdict and in giving a jury verdict collateral estoppel effect in a non-jury trial. We adhere to Swentek.
 
 
 9
 We are thus of opinion that the district court did not err in its failure to give the jury verdict in this case collateral estoppel effect.
 
 
 10
 The judgment of the district court is accordingly
 
 
 11
 AFFIRMED.